JOURNAL ENTRY and OPINION
A jury found defendant Reginald Ferguson guilty of felonious assault and aggravated robbery in connection with an armed robbery in which he shot the victim in the head. The two assigned errors complain that the state committed prosecutorial misconduct when it violated a court order in limine and that the verdict is against the manifest weight of the evidence.
The state showed that a masked and armed robber accosted the victim just outside his house in the very early morning hours. The robber placed a gun to the victim's head and demanded money. Although the robber wore a mask, the victim recognized the robber's voice as that of a neighborhood man called Nephew, whom he identified as Ferguson. The victim grabbed the muzzle of the gun and said to Ferguson, I know your voice. Why don't you stop it. Ferguson took his mask off and, using the victim's nickname said, Give me your fucking money or I'm going to kill you. The two began to wrestle and then heard a woman from inside a nearby house yell for them to stop. Ferguson broke free and ran around the back of the house.
Thinking the robbery had ended, the victim began to enter his house when Ferguson reappeared and again demanded at gunpoint that the victim hand over his money or be killed. The victim refused and turned to walk away. He then heard a noise and felt his head snap back. A bullet had grazed his head. With his victim fallen to the ground and unable to offer any more resistance, Ferguson went through the victim's pocket and took his money.
Although the victim knew Ferguson, the police were unable to match a proper name to the street name. It appeared that the investigation had stalled. Some time later, the victim was walking through a rapid transit station when by chance he heard Ferguson's voice. The victim yelled to Regional Transit Authority police who detained Ferguson pending arrival of police from the city of Cleveland.
 I
The first assignment of error concerns an order in limine relating to oral statements made by Ferguson at the time of his arrest at the rapid transit station. Those statements concerned (1) Ferguson's denial that he knew the victim and (2) giving the police a false identity. During questioning of the RTA officer about Ferguson's actions immediately after being ordered to stop while in the rapid transit station, the RTA officer said that Ferguson picked up his pace and walking faster * * *. The state then asked, You mean to tell me he didn't stop and say, `What's the problem, officer?' Ferguson objected on grounds that the question violated the terms of the order in limine and asked the court to declare a mistrial. The court sustained the objection but refused to grant a mistrial. Ferguson claims the question amounted to prosecutorial misconduct.
The test for prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. State v. Hanna, 95 Ohio St.3d 285,2002-Ohio-2221, at ¶ 61.
We disagree with the state's contention that it did not violate the terms of the order in limine. Although the defense sought exclusion of two specific oral statements prior to trial, the scope of the court's order would serve to exclude any undivulged, oral statement made by Ferguson at the time of his arrest. The grounds for exclusion were a lack of prior notice that Ferguson had made oral statements at the time of his arrest. Even the state was forced to concede that it had not divulged the statements in a timely manner. With that basis for exclusion in mind, the court's order in limine would necessarily encompass any of Ferguson's oral statements made at the time of his arrest.
The violation of the court order, however, did not prejudice Ferguson. The state correctly notes that the court sustained the objection before the RTA officer could answer. Moreover, the question itself was certainly innocuous in light of other admissible testimony that Ferguson quickened his pace upon being identified by the victim. The jury also heard testimony that Ferguson tried to walk away before being physically stopped by the police. Given these facts, we see no possibility that a violation of the order in limine affected any substantial rights.
 II
The second assignment of error complains that the verdict is against the manifest weight of the evidence, primarily on a challenge to the credibility of the victim. When reviewing a challenge to the manifest weight of the evidence we look to see whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt." State v. Nields,93 Ohio St.3d 6, 25, 2001-Ohio-1291, quoting State v. Getsy,84 Ohio St.3d 180, 193-194, 1998-Ohio-533. We review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury, when resolving conflicts in the evidence, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. State v. Martin (1983), 20 Ohio App.3d 172, 175.
The evidence showed that the victim had been drinking on the night of the robbery, and that he had cocaine in his blood. He nonetheless maintained that he was coherent and fully capable of comprehending and recalling events as they occurred. He knew Ferguson by the street name Nephew, and consistently told the police that Nephew had been the assailant. The victim's girlfriend identified Ferguson by reference to his street name, as well. The jury could rationally find that the victim had not been impaired to the point where his identification of Ferguson was fundamentally unbelievable.
Ferguson's remaining arguments are equally unconvincing. One in particular misses the mark widely Ferguson's claim that the victim was unable to identify his assailant from photographs. Telling is the testimony of the detective handling the investigation who testified that none of the photographs shown to the victim contained Ferguson's photograph. Rather than diminishing the victim's credibility, this fact tended to bolster it.
It was within the jury's province to determine issues of credibility. That it did so contrary to Ferguson is not grounds, by itself, for reversal. Our review of the evidence fails to convince us that the jury lost its way in rendering its verdict. The assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN PRESIDING JUDGE COLLEEN CONWAY COONEY, J., and TERRENCE O'DONNELL, J., CONCUR.